No. 2446

Second Circuit

SHANKLAND v. MORRIS & CASTLE SHOWS, INC.

(April 10, 1926, Opinion and Decree)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Pleading—Par. 2, 109.**

Although legal conclusions from facts may be pleaded in the alternative, facts cannot be so pleaded, and, therefore, when the defendant offered evidence to show that the device was not inherently dangerous, if this evidence established that the device was inherently dangerous, the liability of the defendant is established.

2. **Louisiana Digest—Negligence—Par. 15.**

The act of an attendant in charge of an amusement device in operating the device before the rider was properly seated is a contributing cause to the accident and makes those in charge of the operation of the machine liable in damages.

3. **Louisiana Digest—Evidence—Par. 53, 58.**

One who holds himself out to the public as operating all of the amusement devices in a group carries the burden of proof to show that the device was operated by an independent contractor and not by himself.

4. **Louisiana Digest—Mandate—Par. 8, 80.**

The owner of a "squeezer", an amusement device, who was not the lessee of any particular portion of the grounds, accounted to the operator of all the amusement devices in the group for the tickets sold, and received from the operator a portion of the amount, is not an independent contractor but the agent of the operator and consequently the operator is also liable in damages for torts committed by the agent of the owner of the "squeezer".

5. **Louisiana Digest—Appeal—Par. 625.**

The quantum of damages allowed by the trial court for physical injuries being clearly correct is affirmed.

(Civil Code, Art. 2315. Editor's note.)

Action by Mrs. Bertha Shankland against Morris Castle Shows, Inc. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

T. H. McGregor, of Shreveport, attorney for plaintiff, appellee.

C. H. Lyons, of Shreveport, attorney for defendant, appellant.

WEBB, J. In this action the plaintiff seeks to recover judgment against defendant in the sum of ten thousand, eighty-nine and 50-100 dollars, damages alleged to have been sustained by her from injuries received when riding on an amusement de-

vice alleged to have been operated by defendant.

She alleges that the defendant, Morris & Castle Shows, Inc., is engaged in the show business and conducts and operates amusement devices, and that it was operating its devices in connection with the Louisiana State Fair at Shreveport, Louisiana, during a part of the month of October, 1923; that she being a visitor to the Fair was attracted to that part of the fair grounds where defendant was operating its devices, and upon the invitation of defendant she entered one of the devices, known as the "squeezer", which is described as a contrivance which is entered by stepping into a passageway the floor of which is a moving platform, which carries the rider through a dark and winding passage to the exit by way of a "slide or chute" where the person making his exit in this way is seated upon a "chair" or "seat" and a "trigger" is sprung by the attendant, causing the seat to collapse and move forward with the rider who is thrown into a reclining position and onto the chute and is thus carried to the ground.

She alleges that when she came to the place of exit, she protested against taking the "slide" and requested permission to retrace her steps, but was informed by the attendant there was no other way of exit than by the "slide" and she, while still protesting, consented to take the "slide" and before she was properly seated the attendant negligently and carelessly sprung the "trigger" and she was thus thrown upon the chute in such manner as to seriously injure her.

The defendant answered denying all of the allegations of the petition, except as to its status and domicile, and especially alleged it did not own or operate the device on which plaintiff claimed to have been injured, and that the device on which plaintiff claimed to have been injured was owned and operated by other persons and that it did not have any interest therein.

Defendant also filed a supplemental answer in which it pleaded in the alternative and in event of the defense set up in its original answer not being sustained, and of its being found negligent, that the plaintiff was guilty of contributory negligence in that plaintiff was fully aware of the mechanism of the device and had the option of making her exit by walking down a stairway or going down the slide and she chose the latter, and her negligence contributed to the accident, which alleged facts are also pleaded as an estoppel.

The judgment of the District Court was in favor of the plaintiff in the sum of two thousand, five hundred and eighty-nine and 50-100 dollars.

Defendant appealed, and plaintiff has answered the appeal, asking that the judgment be amended and the amount allowed be increased to the amount claimed, and, as amended, affirmed.

## OPINION

The evidence establishes that the defendant had a concession from the Louisiana State Fair to operate amusement devices during the time the fair was in progress, and that it gathered together a number of such contrivances and assembled and grouped the same upon a part of the fair grounds which we assume had been set apart by the fair association for that purpose; that the individual devices' were placed at points within the group, designated by the defendant, which furnished tickets bearing its name for each

of the devices· in the group; that defendant accounted to· the United States Government for Internal Revenue taxes due it from the sale of tickets by the group, and that all advertisements, notices, etc., having relation to the group of attractions was in the name of the defendant and with the knowledge, although it does not appear that advertisements, notices, etc., were paid by the defendant but were, it is indicated, donated by the press.

The "squeezer", which was one of the group of devices, was not owned by the defendant but by some arrangement between the owner and the defendant it as well as other devices in the group, which were not owned by the defendant, had been assembled as above. The evidence does not show what were the full terms and stipulations of the agreement between defendant and the owner of the "squeezer"; it appears, however, that the owner of the "squeezer" received a certain per cent of the gross receipts from the sale of tickets at that special attraction, and he furnished the labor necessary to operate it and had charge of its operation, and kept the device in repair.

The plaintiff entered the "squeezer" in company with her son, a youth of about thirteen years, and her husband, and when she came to the place of exit by way of the "slide" she demurred and stated that she wished to make her exit in another way than by the slide, but after some parleying, during which her son made the exit by the "slide", and upon being informed by the attendant that there ·was no other means of making her exit, she consented to take the "slide" and while she was in the act of adjusting herself upon the "seat" the attendant sprung the trigger and plaintiff came upon the slide in such manner as to cause her to receive severe injuries.

The evidence further shows that at the point where the exit could be made by way

of the "slide" there were stairs leading to the ground but that plaintiff did not see the stairs nor was she informed of their existence; it is also established that a great number of persons had used the device and that with the exception of plaintiff no one had been seriously injured.

Considering the pleadings with reference to these facts, we are of the opinion (assuming the facts stated establish negligence) that the pleas of contributory negligence and estoppel are not sustained by the evidence, and the questions to be considered relate to the cause of the accident, the liability of the defendant, and the extent of the injuries, under which heads we shall consider the evidence and the legal propositions which counsel contend are presented.

Considering these questions in their order, counsel for plaintiff, while relying upon the facts alleged as to the cause of the injury, that is, that it was attributable to the negligence of the attendant, contends that, if the injuries received cannot be attributed to the alleged negligence, that the evidence shows the device to have been inherently dangerous for amusement purposes, either by reason of the method in which the rider is thrown upon the "slide" or by reason of the extraordinary care which must be exercised in attending to the proper seating of the person using the device before it is set in motion.

(1) The plaintiff did not allege that the device was inherently dangerous, neither is the fact made an issue by the pleading of the defendant, and unless it be that the evidence which was admitted as to the construction, method of producing the amusement, or "thrill" or operation, shows that the device was inherently dangerous, and the proof of such matters held to have extended the pleadings, the plaintiff could not raise the issue.

When one operates an amusement device which is inherently dangerous, he becomes an insurer of the safety of the person using the device; but when the device is not inherently dangerous, the operator would not be liable, unless the cause of the accident could be traced to negligence in the operation of the device; and while it is true that the responsibility of the operator in these instances may be said to be very different, we are of the opinion the source of the obligation or liability in both instances is the same, that is, the law as disclosed by Article 2315 of the Code.

Although the legal conclusion from facts may be pleaded in the alternative, facts cannot be so pleaded, and therefore when the defendant offered evidence to show that the device was not inherently dangerous, even though such evidence was admissible to rebut the claim of the plaintiff that the accident was attributable to the negligence of the operator, if this evidence established that the device was inherently dangerous, the liability of the defendant would be established.

While it may be that a high degree of care must be exercised by the operators of all "riding" or "sliding" amusement devices, we do not think that for this reason alone such devices can be said to be inherently dangerous; and in view of the evidence establishing that the device was in a good state of repair, and that it had been used by many thousands of persons without injury to them, and the evidence failing to establish the construction of the contrivance to have been such that the rider was dropped upon the slide in such manner as might be reasonably expected to cause an injury, we do not find that the evidence establishes the device to have been inherently dangerous.

Under the allegations of negligence of the operator, the evidence, as stated, shows the device to have been set in motion before the plaintiff was properly seated, and that she did receive injury, but it is contended that it being shown the device was not inherently dangerous and that the drop by which she was placed upon the slide was not of such distance as to ordinarily cause a sufficient jar to produce the injury which was sustained by the plaintiff, the injury should be attributed to a "mere accident" or risk that every one assumes who may use an amusement device.

The defendant did not plead assumption of risk, a defense ordinarily in actions by employees against employers, where it should be especially pleaded (Buechner vs. N. O., 112 La. 36 South. 603; Christy vs. Tremont Lumber Co., 129 La. 175, 55 South. 754; R. C. L., Master and Servant, vol. 18, p. 166) but assuming that the question could be raised without plea, in such cases as this, the evidence should establish the risk, rather than tend to establish that there was no risk.

Conceding, however, that there was a "risk", as there must necessarily be in using any such amusement device, and that the risk was assumed by the plaintiff, she did not assume the risks of the results which might flow from the negligence of the attendant, and the evidence showing that the attendant did start the device in motion while she was adjusting herself upon the seat, we are of the opinion that it must be held that the act of the attendant was at least a contributing cause of the injury, when the evidence indicates, if it does not establish, that the safe operating of the device depends upon the position of the rider on the "seat" at the time the device is set in motion.

However, the evidence in this case shows that the attendant insisted upon the plaintiff using the "slide" over her protest, in-

forming her that it was the only means of exit, although he knew of the exit by way of the stairs, and under these circumstances it cannot be said that plaintiff assumed the risk.

(2) As to the question of the liability of the defendant, we shall consider this from the position taken by the defendant, which appears to be that the evidence showing the device not to be inherently dangerous, and the injuries to have resulted from the negligence of the attendant, and that the device was operated by the owner who paid the attendant, the defendant is not liable, quoting in support of the position as follows:

"* * * in amusement places where space is granted for conducting attractions for the amusement of the public and for which an admission fee is charged by the concessioner and divided with the owner, it is generally held that the owner assumes an obligation that the devices and attractions operated by the concessioners are reasonably safe for the purpose for which the public is invited to use them. He will not be relieved from responsibility because the exhibition is provided and conducted by the concessioner, provided it is of the character that would probably cause injury unless due precautions are taken to guard against it; and his duty applies not to construction alone, but to management and operation where the device is of a character likely to produce injury unless due care is observed in its operation." (Ruling Case Law, vol. 26, sec. 17, Theatres.)

This citation is in effect that the law relative to non-liability of the masters for the negligence of the servants of an independent contractor, is applicable to the owners of amusement parks who lease space to the operators of amusement devices, and in its application to this case presents the question of whether the defendant operated the "squeezer" or whether it was operated by an independent contractor.

The appearance of things must sometimes be considered in determining the responsibility of persons, especially where one holds himself out as the operator of instrumentalities the operation of which may result in injuries to others (Ruling Case Law, Independent Contractors, vol. 14, page 77), or where work is being done for the owner where the public could have no knowledge of the relations between the owner and person or persons who may be doing the work, and we are of the opinion that where the evidence shows, as it does in this case, that one held himself out to the public as operating the devices in the group, that he carries the burden of proof to show that the device was operated by an independent contractor (Ruling Case Law, Independent Contractors, vol. 14, page 78), and that as the evidence does not show the contract between the fair association and the defendant nor the contract between the owner of the "squeezer" and the defendant, that the fact of the owner of the "squeezer" having employed the attendants and persons who had charge of the actual operation of the "squeezer" and that defendant did not undertake actual supervision of the operations or control of the employees would not be sufficient to warrant a finding that the "squeezer" was operated by an independent contractor.

On the other hand, without regard to the failure of the defense to prove the contract under which the defendant had the concession from the fair association, or the contract between defendant and the owner of the "squeezer", it appears to us that under the evidence the "device and the attendants" cannot be viewed other than as a unit in a group over which defendant had control.

The owner of the "squeezer" was not a lessee of any particular portion of the grounds set apart for defendant; he ac-

counted to the defendant for the tickets sold and received from the defendant a portion of the amount, and we are of the opinion he was not an independent contractor.

(3) On the question of damages, the plaintiff claimed for physical pain and suffering and mental anguish and suffering, the sum of ten thousand dollars, and eighty-nine and 50-100 dollars for medical attention, and the judgment allowed her twenty-five hundred and eighty-nine and 50-100 dollars.

The injuries which the plaintiff received were described by the doctors as a displacement of the sacro iliac joint and of the fifth lumbar vertebra, which they all agree is a permanent injury, and that the plaintiff will suffer pain from the injury where she assumes for an unusual time a position where the weight of the trunk is upon the lower spine and hips.

The plaintiff suffered severely for about ten days after the accident, and had been under treatment of physicians for some time prior to the trial, and she states that she still suffers pain from the injury and by reason of the pain and suffering she had become very nervous.

The physicians were of the opinion that she would not suffer from the injury only where she might keep the weight of the trunk upon the hips for too long a time, and necessarily the nervous condition having been brought about by the suffering her condition would improve.

The plaintiff was on the witness stand in the District Court and the judge was in a position to ascertain to some extent the results of the injuries, and while instances may be cited where a greater or lesser amount was awarded for similar injuries no one says that the amount allowed was unreasonable.

For the reasons assigned, the judgment is affirmed.