No. 2879

Second Circuit

———

GATLIN v. SPANGLER

———

(May 13, 1927. Opinion and Decree.)

———

(*Syllabus by the Editor*)

1. **Louisiana Digest—Automobiles—Par. 4.**

The driver who backs a truck on to a road without first looking to see if there is traffic approaching is guilty of negligence.

2. **Louisiana Digest—Automobiles—Par. 8.**

The burden of proof is on the driver of a truck who created a dangerous situation by backing his truck onto a road before looking to see if there was any traffic approaching, to prove that the driver of the automobile collided with could have avoided the collision with the exercise of ordinary care.

3. **Louisiana Digest—Automobiles—Par. 7.**

The driver of an automobile who is suddenly ·confronted with a dangerous situation by the backing of a truck onto the road in front of him is not guilty of negligence in trying to drive around the truck where he could not have avoided hitting the truck had he attempted to stop his car.

Appeal from the Third Judicial District Court of Louisiana, Parish of Jackson. Hon. S. D. Pearce, Judge.

Action by H. M. Gatlin against B. Spangler.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

William J. Hammon, of Jonesboro, attorney for plaintiff, appellant.

E. L. Walker, of Jonesboro, attorney for defendant, appellee.

WEBB, J. The plaintiff filed this action to recover damages sustained by an automobile owned and being driven by him as the result of a collision with a truck owned and being operated by defendant, and plaintiff appeals from a judgment rejecting his demands.

OPINION

The evidence shows that plaintiff was driving along one of the streets in the town of Jonesboro at a lawful rate of speed and that defendant, who had parked his car next to the curb, without paying any attention to the traffic along the street backed his truck into the open space in front of plaintiff's car and into collision with the car being driven by plaintiff, who saw the situation and attempted to pass around the truck.

The defendant was unquestionably guilty of negligence in backing his truck without paying any attention to the traffic, but it is contended that plaintiff, noting the situation created by the negligence of defendant, having failed to attempt to stop his car, but attempting to pass around the truck under the belief that he could thus avoid colliding with the truck, contributed to the collision.

The negligence of the defendant and the dangerous situation created by defendant's negligence being established, the burden of proof was on defendant to show that plaintiff could have avoided the collision with the exercise of ordinary care,

and we do not think the evidence establishes the defense.

. The dangerous situation with which plaintiff was confronted by defendant backing his truck into the open space was created entirely by the negligence of defendant, and in order to avoid the collision plaintiff was presented with the alternative of attempting to stop his car or of attempting to pass around the truck, and in attempting the latter he cannot be said to have been guilty of negligence when the evidence indicates that the collision could not have been avoided had plaintiff attempted to stop his car.

We are therefore of the opinion that the plaintiff was without fault and that he is entitled to the damages sustained, which the evidence shows to have been one hundred and eight and 45-100 dollars.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that plaintiff, H. M. Gatlin, have and recover judgment against defendant, B. Spangler, in the sum of one hundred and eight and 45-100 dollars with legal interest. thereon from this date, and all costs of suit.