## BRYANT v. RITCHIE GROCERY CO. *
### No. 4746.

Court of Appeal of Louisiana. Second Circuit.
May 4, 1934.

*Rehearing denied June 4, 1934.

Theus, Grisham, Davis & Leigh, of Monroe, for appellant.

Barksdale, Warren & Barksdale, of Ruston, for appellee.

MILLS, Judge.

Plaintiff, a lady of seventy-three years, brings this suit claiming $10,367.62 for injuries, pain, and suffering and expenses caused by being thrown violently from the seat to the floor of an automobile. The accident was due to the sudden swerving of the car in which plaintiff was a passenger, to avoid being struck by defendant's truck which had headed in to the sidewalk at an angle and which was backed out toward the center of the street at the time the car in which plaintiff was a passenger was passing.

From a judgment allowing plaintiff $3,000 for permanent disability and pain and suffering, and $323.68 for necessary medical, sanitarium, and nursing charges, defendant appeals. Plaintiff answers, praying that the amount be increased by $3,000.

The learned trial judge rendered a well-considered written opinion which, we think, correctly disposes of the question of liability and reasonably assesses the damages. We therefore adopt it as our own:

"This is a suit by Mrs. Margaret R. Bryant against Ritchie Grocery Company to recover damages for personal injuries received by her in a near collision between an automobile owned and operated by Mrs. Jeff Connella, in which plaintiff was a guest and passenger, and a truck owned by defendant and operated by one of its employees.

"The alleged accident occurred about 5 o'clock in the afternoon of October 3, 1932, on Alabama avenue, between Vienna and Trenton streets, in the town of Ruston. Alabama avenue runs east and west, is paved, and is forty feet wide between the curbs. Mrs. Connella was traveling west on Alabama avenue. Defendant's truck, as Mrs. Connella's car approached from the east, was parked against the curb, at an angle, on the north side of said avenue, headed west. When Mrs. Connella entered Alabama avenue, from Vienna street, she saw the truck, which was then some distance ahead of her, and observed, and commented upon the fact to plaintiff, that it was parked wrong, that is, that it was parked at an angle to the curb, and not parallel with the curb, as is required on that particular avenue, by the ordinances of the town of Ruston. Mrs. Connella kept the dangerous position of the truck in mind as she approached it in proceeding down the avenue. She blew her horn, when she first saw the truck, and then, proceeding down the middle of the avenue, she blew her horn again before reaching the place where it was parked. By this time she had slowed her car down to a speed of from five to ten miles per hour. Seeing no indication that the truck was about to be moved, and not being able to see any one in or about the truck, Mrs. Connella again blew her horn and proceeded to pass the truck; but, just as her car was in the act of passing it, the driver of the truck, without giving any warning or signal of his intention to do so, began to back the truck out into the avenue, right into the pathway of Mrs. Connella's car, making a collision appear inevitable. In an effort to avoid a collision, Mrs. Connella quickly swerved her car to the left and out of the pathway of the truck. This swerving movement of the car brought it into close proximity with the curb on her left, or on the south side of the avenue, and, in an effort to avoid a collision with the curb, she swerved her car quickly back to the right, into the avenue, beyond

the truck. The swerving movement of the car threw plaintiff from the back seat of the car, where she was riding, onto the floor space between the front and back seats, inflicting upon plaintiff the injury for which she is seeking damages in this suit.

"Defendant, in its answer, denies that its truck was parked at an angle with the curb; denies that Percy Carrodine, the driver of the truck, was acting for defendant at the time of the accident; denies that he was negligent; and alleges that plaintiff's injuries were the result of the negligence of both Mrs. Connella and plaintiff.

"The defense that the driver of defendant's truck was not acting for defendant, at the time of the accident, seems to have been abandoned; at least, it is not now being urged. However, the evidence is conclusive that he was acting for defendant, within the scope of his employment, at that time.

■ "Able counsel for defendant seriously urge as a defense the negligence of Mrs. Connella, the driver of the car in which plaintiff was riding, and the negligence of plaintiff herself, in the premises, as a bar to plaintiff's right to recover. Defendant makes no contention that the alleged negligence of Mrs. Connella is imputable to plaintiff. The contrary is admitted. The contention is that Mrs. Connella was negligent, in the operation of her car, and that her acts of negligence, under the facts proven, were the acts of plaintiff, in that plaintiff knew of the danger involved in Mrs. Connella trying to pass the truck, in the manner in which she did, and failed to make protest to Mrs. Connella against her doing so.

"Let us first consider the question of the negligence of Mrs. Connella. If Mrs. Connella was not negligent, then it must follow, under the issue as presented in this case, that plaintiff was not negligent, for plaintiff's alleged negligence, we might say, is secondary to that of Mrs. Connella's negligence.

"Counsel for defendant submits the proposition, and cites numerous authorities that support it, that where danger is apparent and where it is possible to select a safe path, or a dangerous one, to select the latter is negligence of the grossest kind and character, and one so doing the latter does so at his, or her, own peril. The contention at this point is that Mrs. Connella, having observed the dangerous position of the truck, should have driven her car to the extreme south side of the street, and not down the middle of the avenue, in dangerous proximity to the back end of the truck, she did so at her peril.

■■ "Defendant's position on this point is not well taken. The truck, located as it was, in itself, did not create the dangerous situation with which Mrs. Connella found herself confronted. It was the movement of the truck by defendant's employee that caused it. If the truck had remained still, and it was the duty of its driver to keep it still until she passed, Mrs. Connella would have safely passed the truck. This is not one of those cases where a person negligently runs his car into a parked car or truck on the side of the street or highway. Plaintiff did not run her car into this truck. She timely saw it, and having seen it, she took every reasonable precaution to avoid a collision with it. She sounded her horn three times and took a safe course around the truck, assuming, of course, that the driver of the truck would, in no event, undertake to back the truck out into the street without first giving proper and timely signal of his intention to do so. It was not what Mrs. Connella did, or failed to do, that caused the accident, but it was what she was forced to do, on account of the movement of the truck, that caused the injury. It was the clear duty of the driver of the truck to ascertain that he had a clear and undisputed right of way into the avenue before he undertook to back up his truck. It was his duty to look. If he had looked, before he moved the truck, he would, without question, have seen Mrs. Connella's car coming down the avenue and passing right behind the truck. Notwithstanding his duty to look and see that he had the right of way, before undertaking to back out into the avenue, without any warning signal whatever, the driver backed the truck right out into the path of the Connella car. His conduct in so doing was negligence of the grossest kind.

"Confronted with such a situation, what was Mrs. Connella to do? She could not stop, for to do so meant certain serious injury, and, perhaps, death, to every occupant of her car. She did the only thing that she could reasonably do—try to swerve her car out of the pathway of the oncoming truck. She did, in that manner, avoid a collision between the two cars, but her operation of her own car, made necessary by the negligent operation of defendant's truck, caused plaintiff to fall onto the floor of the car, resulting in a severe straining and wrenching of her back, and in other injuries to her body.

■ "The sudden backing of defendant's truck, by its driver, into the pathway of Mrs. Connella's car, without the driver having first looked and/or given a proper and time-

ly warning of his intention to do so, was the sole and proximate cause of the injuries sustained by plaintiff. See Gatlin v. Spangler, 6 La. App. 332.

"It is argued that defendant's driver parked the truck parallel with the curb and not at an angle with it. Percy Carrodine, the driver, so testified. If he had parked the truck parallel with the curb and within the parking zone, the outer boundary of which was indicated by a white line drawn parallel with the curb, then what reason can be assigned for Mrs. Connella raising in her own mind, and commenting to plaintiff about it, the question of the manner in which the truck was parked? If the truck had been properly parked, the natural thing to assume is that Mrs. Connella would have driven her car down the avenue without more than noticing it. She wouldn't have called plaintiff's attention to the improper manner in which it was parked, and have sounded her horn three times, and have driven her car to the middle of the avenue, if the truck had been parked as Percy Carrodine said it was.

"It is urged that the physical facts show that plaintiff was thrown from the back seat of the car by the sudden stopping of the car by Mrs. Connella and not by her swerving the car. Again, if the truck had been parked and operated in the manner testified to by Percy Carrodine, what reason can be assigned for Mrs. Connella so suddenly stopping the car? There could have been no occasion for it. If she stopped her car suddenly, and the evidence does not show that she did, some movement or operation of the truck must have caused her to stop it.

"I do not think that the testimony shows negligence to any degree on the part of Mrs. Connella in the operation of her car. And certainly there was no negligence on the part of plaintiff. It follows, then, that plaintiff should have judgment in her favor and against defendant in such an amount as will adequately compensate her for the injuries she sustained in the accident.

"Items of expense claimed to have been incurred by plaintiff in connection with the treatment of her injuries amount to $367.62. Proof of some of these items is not very clear and definite, but I find that the following items of expense have been satisfactorily proven, to wit:

Dr. Green ...........................$78.00
Dr. Calhoun ......................... 28.00
Drug bill ........................... 50.78
Sanitarium bill ..................... 58.90
Miss Opal Taylor, nurse ..............78.00
Expense for professional nurse........ 30.00
                                    ———
    Total .......................$323.68

"Plaintiff claims the sum of $10,000.00 in damages for permanent disability, pain and suffering. It is a difficult matter to reach a conclusion as to what amount would be proper and adequate compensation under this head. Such damages are not susceptible of specific proof.

"Outside of some bruises about the left thigh, hip, chest and shoulder, plaintiff's injury seems to have been centered in and about the left sacro-iliac region. Dr. M. T. Green was immediately called after the accident. He found bruises in the areas above referred to and she was suffering from considerable shock and pain in her left hip and thigh and chest. He found no evidence of any bony fractures. She was in bed from 3½ to 4 months and suffered continuous and severe pain in the left sacro-iliac region. After some time in bed Dr. Green had her removed to the Sanitarium on account of a digestive trouble and gall bladder disorder that had developed on account of her prolonged illness and confinement in bed. Dr. Green examined her last just a few days before he gave his testimony during the trial of the case, and testified that she still had an impairment of the motion of her left leg. He found a rather acute tenderness over the left sacro-iliac region. She could flex her left leg only partially, and was still rather nervous. In his opinion the impairment in the movement of her left leg will be permanent, causing her to suffer more or less pain in walking. According to plaintiff's testimony, she can go most anywhere she desires, considering her age, but she has to favor her left leg and side in walking and has to exercise a great deal of care in all of her movements. Prior to the accident she appears to have been normally active for a person of her age and was in good health.

"Dr. J. M. Gorton examined plaintiff prior to the date of the trial. It seems that the only noticeable disorder that he noted was her complaint of pain in the movement of her left leg. Dr. Gorton did not treat plaintiff during her illness and his examination was of a superficial nature. Dr. Green, I think, was in a much better position to give a correct diagnosis of plaintiff's injury than was Dr. Gorton.

"I think that an award of $3,000.00 for permanent disability, pain and suffering is in line with the awards of the higher courts of

the State in cases similar to the one at bar. Hanna v. New Orleans Ry. & Lt. Co., 126 La. 634, 52 So. 855; Rambin v. Southern Sales Co. (La. App.) 145 So. 46; Johnston v. City of Monroe (La. App.) 147 So. 519; Shankland v. Morris & Castle Shows, Inc., 4 La. App. 326.

"For the reasons herein assigned:

"It is ordered, adjudged and decreed that plaintiff, Mrs. Margaret R. Bryant, do have and recover judgment against the defendant, Ritchie Grocery Company, for the full sum of Three Thousand Three Hundred Twenty-three and 68/100 (3,323.68) Dollars, with five per centum per annum interest from judicial demand, until paid, and all costs of this suit.

"This judgment is rendered during vacation in accordance with the agreement of counsel filed in the record of this case.

"Thus done, read and signed in Chambers, at Ruston, Lincoln Parish, Louisiana, on this the 7th day of August, 1933.

"E. L. Walker, Judge."

The judgment appealed from is affirmed.